UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDMON JOHN ISHO,<br><br>Defendant. | No. 1:15-cr-00103-DAD-BAM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 65) |

On December 9, 2020, the undersigned denied defendant Edmon John Isho's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 64.) On February 16, 2021, defendant filed the instant motion requesting reconsideration of that order. (Doc. No. 65.) The court construes defendant's motion as a request for relief from a final judgment, pursuant to Federal Rule of Civil Procedure 60(b).[1]

---

[1] Because the Federal Rules of Criminal Procedure do not include a rule that expressly authorizes motions for reconsideration, the Ninth Circuit has permitted courts to apply the Federal Rules of Civil Procedure when considering such motions made in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 (9th Cir. 2000) ("As the Second Circuit noted in *United States v. Clark*, post-judgment motions for reconsideration may be filed in criminal cases."); *United States v. Davis*, No. 2:98-cr-00114-KJM, 2021 WL 1122574, at *1 (E.D. Cal. Mar. 24, 2021) ("Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit has approved of the judicial economy of motions for reconsideration in the appropriate circumstances. . . . No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding. It is instead a matter of discretion.") (internal quotation marks and citations omitted); *United States*

1

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, defendant has not shown mistake, inadvertence, surprise, or excusable neglect; he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and he has not presented any other reasons justifying relief from judgment. Nor has he shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). Instead, now defendant asserts that he contracted the COVID 19 virus and was put in a cell without hot water, a shower, or a change of clothes for eleven days. (Doc. No. 65 at 2.) He contends that officials at his prison of confinement will not provide him writing materials to contact his family nor a phone call to inform them of his illness. (*Id.*) He

---

*v. Mendez*, No. 07-cr-00011 MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008) ("Courts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings.").

further avers that trash is stacked three feet high in his cell; that he has been bullied, assaulted, and robbed; that he now suffers from severe mental issues along with his existing comorbidities; and that the Bureau of Prisons is not providing inmates opportunities to better themselves, such as through schooling and religious services. (*Id.*) Defendant requests that the court allow him to serve the remainder of his sentence on home confinement so that he can attend online college courses, look for a job, attend church, and start youth awareness and bible study classes. (*Id.*)[2]

Despite his claims regarding the conditions of his confinement, defendant has provided no basis for reconsideration of the court's previously entered order denying his motion for compassionate release. In considering defendant's motion for modification of his sentence, the court found that defendant's medical conditions and the then-prevalent rates of COVID-19 cases at FCI Fort Dix where he is imprisoned, together, supported a finding of extraordinary and compelling reasons. (Doc. No. 64 at 12.) However, defendant's motion was denied based on the court's finding that the requested reduction in his sentence would not be consistent with consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a).[3] (*Id.* at 13.) The court highlighted that defendant's criminal history and the risk of recidivism in his case weighed against the granting of compassionate release, and noted that his offense of conviction was an extremely serious one. (*Id.* at 15–16.) None of defendant's arguments presented in the instant motion for reconsideration compel the court to reconsider its conclusion that a reduction of his

---

[2] Defendant has also requested a quote for the cost of receiving his sentencing transcript. (Doc. No. 65 at 4.) Defendant is advised that per the court's fee schedule, the Clerk of the Court charges $.50 per page for copies of documents.

[3] Title 18 U.S.C. § 3553(a) provides that, in determining the sentence to be imposed, the court shall consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

ten-year sentence effectively to a term of confinement of less than seven years would not adequately reflect the seriousness of his offenses of conviction, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct. (*See id.* at 16.)

In sum, the instant motion has provided no new or different facts, circumstances, or law that that would justify this court's reconsideration if its previous order denying relief. Accordingly, defendant's motion for relief from the judgment pursuant to Rule 60(b) (Doc. No. 65) is denied.

IT IS SO ORDERED.

Dated: __May 13, 2021__  
_____  
UNITED STATES DISTRICT JUDGE